UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ERIC ZAHLER,<br><br>    Petitioner,<br><br>  vs.<br><br>DR. IMELDA BORROMEO, DR. PATERAS, and UNKNOWN NUMBER OF UNKNOWN NAMED AGENTS OF STATE OF WASHINGTON,<br><br>    Respondents. | NO. CV-10-3060-CI<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATIONS, DISMISSING HABEAS ACTION, AND DENYING PENDING MOTIONS** |

BEFORE THE COURT is Petitioner's Objection to the Report and Recommendation to Dismiss (ECF No. 19). Mr. Zahler is proceeding *pro se* and *in forma pauperis*; Respondents have not been served. On January 21, 2011, Magistrate Judge Imbrogno issued Reports and Recommendations to dismiss this habeas action for failure to exhaust state remedies and to deny Mr. Zahler's pending motions (ECF Nos. 17 & 18).[1]

In his objection, Petitioner claims the Magistrate Judge "presented a misleading interpretation of [his] argument." (ECF No. 19.)

---

[1] The Court notes Mr. Zahler previously filed an "Objection" to the Magistrate Judge considering his case (ECF No. 10) and presented a "Notice" to the Ninth Circuit Court of Appeals regarding the processing of this habeas action (ECF No. 14).

ORDER ADOPTING REPORT AND RECOMMENDATIONS, DISMISSING HABEAS ACTION AND DENYING PENDING MOTIONS -- 1

Petitioner argues the State of Washington is not a State of the United States. He claims there is no evidence the State of Washington was admitted to the Union, but that Yakama Nation was. Mr. Zahler further argues the State of Washington is unlawfully occupying the Yakama Nation and other land within the United States. The Court finds Mr. Zahler has made his assertions in a disrespectful manner and admonishes Petitioner to conduct himself with civility in any further interaction with the Court.

Furthermore, Mr. Zahler's arguments have no basis in law. The Yakama Nation is a federally-recognized Indian tribe. 1855 Treaty with the Yakama, 12 Stat. 951. In 1855, the United States began "a hasty effort to clear land occupied by Indians for development by settlers" in Washington Territory. *United States v. Oregon*, 29 F.3d 481, 484 (9th Cir. 1994) ("*Oregon I* "), *as amended*, 43 F.3d 1284 (9th Cir. 1994). Under the 1855 Treaty with the Yakama, "the tribes gave up most of their lands in return for a specific reservation with set boundaries." *Oregon II*, 470 F.3d at 811. The land for the reservation was subsequently surveyed and "set apart as provided in the treaty." *Id*.

By proclamation No. 8 of President Benjamin Harrison, November 11, 1889, 26 Stat. 10, the Territory of Washington was admitted to the Union as the State of Washington. The President certified that the state had complied with the provision of the Enabling Act, that the new state's constitution provided for a republican form of government, and that it would make no distinction in civil or political rights on account of race or color, "except as to Indians not taxed." *Anderson v. O'Brien*,

ORDER ADOPTING REPORT AND RECOMMENDATIONS, DISMISSING HABEAS ACTION AND DENYING PENDING MOTIONS -- 2

84 Wash.2d 64, 86, 524 P.2d 390, 403 (1974).

Washington has limited its jurisdiction by not retaining jurisdiction over "Indians when on their tribal lands or allotted lands within an established Indian reservation and held in trust by the United States." RCW 37.12.010. Mr. Zahler does not claim to be a member of the Yakama Nation. He does not assert the crimes of which he is presently charged occurred on the Yakama Reservation. Apart from his expressed opinions, Mr. Zahler has no standing to challenge the actions of the State of Washington in relation to the Yakama Nation.

After review of the file and for the reasons set forth above and by the Magistrate Judge, **IT IS ORDERED** the Reports and Recommendations (ECF Nos. 17 & 18) are **ADOPTED** in their entirety, this habeas action is **DISMISSED without prejudice** to Petitioner seeking appropriate relief in the state courts, and the pending Motions are **DENIED as moot.**

**IT IS SO ORDERED.** The District Court Executive shall enter this Order, enter judgment, forward copies to Petitioner at his last known address and close the file. The Court further certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R.App. P. 22(b).

**DATED** this ___18th___ day of February 2011.

                        S/ Edward F. Shea
                        EDWARD F. SHEA
                United States District Judge

Q:\Civil\2010\10cv3060ci-2-15-adpRRDIS.wpd

ORDER ADOPTING REPORT AND RECOMMENDATIONS, DISMISSING HABEAS ACTION AND DENYING PENDING MOTIONS -- 3